### WOOD v. BOESE.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

EVIDENCE (§ 443*)—ACTION—EVIDENCE.

    In an action on an oral guaranty, under which plaintiff claimed to have acted when he bought 10.000 shares of a certain stock at 85, evidence *held* to show that the transaction was not the same one described in a letter from defendant offering plaintiff 10,000 shares of the same stock at 115, so as to preclude oral evidence to prove the former guaranty.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2050; Dec. Dig. § 443.*]

    Burr and Jenks, JJ., dissenting.

Appeal from Special Term, Dutchess County.

Action by George Wood against Quincy Ward Boese. From a judgment for plaintiff on the decision of the court, after trial without a jury, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Henry De Forest Baldwin, for appellant.

Charles Morschauser (Frank B. Lown, on the brief), for respondent.

WOODWARD, J. The plaintiff brings this action to recover upon a contract of guaranty, alleged to have been made by the defendant in selling him certain shares of stock in the Red Rock Silver Mining Company. There is no dispute that the defendant sold to the plaintiff 10,000 shares of stock of the said company in the year 1906, and received therefor the sum of $8,500. The plaintiff's claim is that on the 21st day of November, 1906, he entered into an oral contract for the stock in question, and that he was induced to take the same upon the agreement of the defendant that the plaintiff should in no event

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suffer any loss; it being likewise agreed that the defendant should share in the profits which it was expected would result from the transaction, and it being alleged by the plaintiff that the stock was not to be sold, except upon the advice and consent of the defendant. On the 22d day of November, 1906, the defendant wrote a letter to the plaintiff, in which it was proposed that "in consideration of one dollar, and certain other valuable consideration, at any time as soon as delivery can be made to me, and upon receipt of payment therefor, I will deliver to you ten thousand (10,000) shares of the capital stock of the Red Rock Silver Mining Company, Limited, at the rate of $1.15 per share, it being understood that you will consent to act as one of the directors of the said company"; and it is the contention of the defendant that this constituted such a written contract as precluded the plaintiff from introducing parol evidence of the alleged purchase.

The case hinges upon this contention, for it does not seem to be open to serious dispute that the evidence in the case is sufficient to warrant the findings of the trial court in favor of the plaintiff's contention. On the 30th day of November, 1906, the plaintiff wrote, in answer to the above letter:

"Your favor containing option, etc., duly received. Would have written you before, but expected to have seen you. I have no reason to doubt but that I will be able to make good on your proposition. Kindly let me know what is the longest time I can have to do so."

This clearly was not an acceptance of the defendant's proposition, or an acknowledgment of the consideration recited, and the evidence discloses that the plaintiff never in fact bought any of the stock of the Red Rock Silver Mining Company at $1.15 per share; the transaction here under consideration having been closed at 85 cents per share. So far as we can discover from the record, there is nothing to show that this was not a separate option, as the plaintiff refers to it, to purchase 10,000 shares of stock. It makes no reference to the conversation of the day before, where the plaintiff contends that he arranged for the purchase, with the guaranty, and the effort to intrude this letter as the contract of the 21st, and to exclude parol evidence, does not appeal to us. It looks like an afterthought, to avoid the obligations of the contract which had not resulted as the defendant believed it would at the time it was made. We think the learned court ruled correctly in receiving the plaintiff's evidence, and that the result reached is in harmony with the evidence and the law.

The judgment appealed from should be affirmed, with costs.

RICH and MILLER, JJ., concur.

BURR, J., dissents on the ground that the letters, Exhibits 1 and 2, relate to the sale of the 10,000 shares of stock which give rise to this controversy, and not to a separate option. That being so, to permit oral evidence of a guaranty would not be evidence of an independent oral contract, but evidence to vary the terms of the written contract as to the consideration to be paid.

JENKS, J., concurs.